UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 18-61334-CIV-MORENO**

JOE HAND PROMOTIONS, INC., as
Broadcast Licensee of the August 26, 2017
Mayweather vs. McGregor Match,

        Plaintiff,

vs.

JEFFREY ASESOR, individually, as as
officers, directors, shareholders, principals,
managers and/or members of FLORIDA
MARTIAL ARTS LLC d/b/a PREMIER
MARTIAL ARTS, ELIZABETH ASESOR,
individually, and as officers, directors,
shareholders, principals, managers and/or
members of FLORIDA MARTIAL ARTS LLC
d/b/a PREMIER MARTIAL ARTS, FLORIDA
MARTIAL ARTS LLC d/b/a Premier Martial
Arts,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Default Judgment **(D.E. 12)**, filed on **November 19, 2018**. Defendants Jeffrey Asesor and Elizabeth Asesor, individually, and as officers, directors, shareholders, principals, managers and/or members of Defendant Florida Martial Arts LLC, *d/b/a* Premier Martial Arts, failed to plead or otherwise defend this action and default was entered against each Defendant. *(See* **D.E. 11.)** Now, Plaintiff submits affidavits demonstrating: (1) Defendants are jointly and severally liable to Plaintiff (and requesting damages totaling $225,000); (2) Defendants are not infants or incompetent persons or in the military service of the United States; and (3) Plaintiff incurred

costs and attorneys' fees totaling $7,282.50.

Plaintiff's Motion asks the Court to award Plaintiff a total of $232,282.50 after the Defendants defaulted. Plaintiff's damages request breaks down as follows:

- $10,000 per Defendant ($30,000 total) pursuant to 17 U.S.C. § 504(c)(1);

- $30,000 per Defendant ($90,000 total) pursuant to 17 U.S.C. § 504(c)(2);

- $10,000 per Defendant ($30,000 total) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

- $25,000 per Defendant ($75,000 total) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and

- $2,427.50 per Defendant ($7,282.50 total) for costs and attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

(*See* **D.E. 12 at 1–3.**) Under applicable federal law, the Court is only required to award damages in the following amounts:

- 17 U.S.C. § 504(c)(1) – "[A] sum of not less than $750 or more than $30,000 as the court considers just.";

- 17 U.S.C. § 504(c)(2) – "[T]he court in its discretion may increase the award of statutory damages to a sum of not more than $150,000 . . . .";

- 47 U.S.C. § 605(e)(3)(C)(i)(II) – "[A] sum of not less than $1,000 or more than $10,000, as the court considers just . . . .";

- 47 U.S.C. § 605(e)(3)(C)(ii) – "[T]he court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 . . . ."; and

- 47 U.S.C. § 605(e)(3)(B)(iii) – "[S]hall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails . . . ."

Thus, under federal law—in stark contrast to the $225,000 in damages requested by Plaintiff under statute—the Court is only required to award Plaintiff a total of **$10,500**, plus costs and reasonable attorneys' fees: $750 per Defendant (**$4,500 total**) pursuant to Sections 504(c)(1)

and 504(c)(2); $1,000 per Defendant (**$6,000 total**) pursuant to Sections 605(e)(3)(C)(i)(II) and 605(e)(3)(C)(ii); plus costs and reasonable attorneys' fees pursuant to Section 605(e)(3)(B)(iii).

THE COURT has considered the motion, the pertinent portions of the record, and is otherwise fully advised in the premises. In light of Defendants defaulting in this matter, the Court finds it reasonable and just to award Plaintiff the minimum authorized damages under federal law, **$10,500**, in addition to costs and reasonable attorneys' fees totaling **$5,000**,[1] for a total judgment of **$15,500**. Accordingly, it is

**ORDERED and ADJUDGED** that:

(1) Plaintiff's Motion **(D.E. 12)** is **GRANTED** as follows: Plaintiff shall recover from Defendants, jointly and severally, the principal amount of **$10,500** with costs and reasonable attorneys' totaling **$5,000**, for a total judgment of **$15,500**, with interest as provided by law; and

(2) Plaintiff's Motion for Default Judgment With Supporting Memorandum of Law **(D.E. 13)** and Plaintiff's Motion to File Video Disks in Support of Motion for Default Judgment **(D.E. 22)** are both **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th of February 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

---

[1] The Court finds $5,000 in costs and reasonable attorneys' fees entirely reasonable and just under § 605(e)(3)(B)(iii) because—even *after* Defendants defaulted in this matter—Plaintiff's counsel filed within a period of 15 days and totaling more than 75 pages: three motions **(D.E. 12–13, 22)**, three detailed supporting affidavits and exhibits **(D.E. 14–16)**, two notices **(D.E. 17, 19)**, a separate statement of judgement **(D.E. 18)**, and also unnecessarily sent courtesy copies to chambers (*see* **D.E. 21**). The Court appreciates the thoroughness of Plaintiff's counsel, but thoroughness does not warrant more than $5,000 in costs and attorneys' fees in such a straightforward case where Defendants never appeared.

Copies furnished to:

Counsel of Record